# UNITED STATES DISTRICT COURT

# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No: 3:05cr65 (PCD) |
| | : | |
| PEDRO LORA | : | |

## RULING ON GOVERNMENT'S MOTION FOR RECONSIDERATION

At issue is the government's Motion for Reconsideration [Doc. No. 113], filed with this Court on January 20, 2006. The government requests that the Court reconsider its decision dismissing Count Two of the indictment in this case.

## I. BACKGROUND

Defendant was indicted on two charges: Conspiracy to possess with the intent to distribute and to distribute 50 or more grams of a mixture and substance containing a detectable amount of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 841 (b)(1)(A) and 846 (Count One); and possession with intent to distribute 50 or more grams of a mixture and substance containing a detectable amount of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) (Count Two). A plea agreement was reached in which defendant agreed to plead guilty to the charge in Count One. The agreement, which was executed and filed with the Clerk, provided, to the extent relevant to the issues presented here, that upon sentencing, Count Two would be dismissed, the government would not file an information reciting defendant's prior convictions as permitted by 21 U.S.C. § 851, the resulting sentence would be not less than fifteen years incarceration as a reasonable disposition of the case and if the court did not accept the agreement and imposed a sentence of not less than fifteen years, the agreement would be rendered null and void.

When defendant offered to plead guilty, the agreement was placed in the record and the parties were informed that the agreement was not binding on the Court and the sentence could be more or less than the agreed-upon fifteen year minimum. Defendant was informed that the agreement could be the basis for the government seeking to proceed with prosecution of Count Two and to invoke a mandatory minimum (of twenty years or life) pursuant to 21 U.S.C. § 851. It was noted that the Court would not determine what action it would take until receipt of the Presentence Report (PSR). The defendant elected, after the Federal Rule of Criminal Procedure 11 warnings, to proceed and plead guilty to Count One.

The PSR referred to, and was accompanied by, a report of mental health which indicated the presence of a factor significant to the proper and fair disposition of the case. The defendant's history mandated a finding that defendant was affected by mental problems bearing extensively on his ability to exercise sound judgment and on his conduct which gave rise, in turn, in not insignificant part, to his criminal behavior. This had a significant bearing on the type of person before the Court, his character, personality, intelligence, sense of responsibility to his community and ability to exercise sound judgment in choosing the courses of conduct in which he engaged. The development and presentation of this information, coming as it did after the plea agreement, was relevant to his sentence in two respects. It had not been taken into account nor considered in the discussions and negotiation which led to the agreement. The Court was informed thereof when considering the issue of sentencing. The information undercut the justification on which the agreement was founded and it imposed on the Court the obligation of accounting for it in determining the appropriate sentence.

## II.  DISCUSSION

The government's assertion of the binding quality of the plea agreement, raises the following concerns:

(1)      To the extent that the plea agreement fixes the sentence required to be imposed it intrudes on the function, authority and obligation of the Court and thus violates the separation of powers of the branches of government.

(2)      Cast in terms of permitting the government to withdraw from the agreement if the Court fails to impose the dictated sentence, notwithstanding defendant's acquiescence, by permitting the government in turn to invoke 21 U.S.C. § 851 a mandatory sentence comes into play and the government is thus permitted to dictate the agreed or the alternative sentence. This result has two ramifications:

(a) The separation of powers is violated.
(b) Having no choice since the action asserted to constitute a breach of the agreement is not defendant's but the Court's and having no ability to control the Court's decision, defendant is placed in an agreement which he is without the ability to perform and thus to earn the benefit for which he bargained. Indeed, his performance, to the extent of his ability to do so, i.e. by his guilty plea to Count One, is of no avail.

(3)      Without explicitly so providing, the agreement constitutes a waiver of defendant's right to invoke the Guidelines' provision for downward departure.

(4)      What the government terms a breach by the defendant is, in reality, not an action by the defendant but an action by the Court. The result is a unilateral revocation of the agreement by the government when defendant has fully performed the agreement by his guilty plea. The effect reflects a lack of mutuality in the agreement.

(5)      By asserting the binding quality of a fifteen-year sentence, or a mandatory twenty-year or life sentence, the government would dictate the sentence, eliminate an actual  role for the Court in sentencing and preclude fulfillment of the obligation to impose a reasonable, "not greater than necessary," sentence, consistent with the United States Sentencing Guidelines and 18 U.S.C. § 3553(a).

(6)      By invoking the defendant's forfeiture of the benefit of his plea, the government would also foreclose consideration of  defendant's after-disclosed mental health status which, as a matter of law, must be considered by the Court in determining a reasonable sentence in the event it meets the standard provided by Guidelines sections 5H1.3 and 5K2.13 and 18 U.S.C. § 3553(a).

(7)     By asserting the binding quality of a fifteen-year sentence, the government would
        foreclose the right to consider and impose, if found to be reasonable, a non-
        Guideline sentence.

In combination, in the plea and sentencing proceedings, the Court advised that it was not

bound by the plea agreement. After receipt and consideration of the PSR the Court recorded its

rejection of the fifteen-year sentence as not a sufficient downward departure in view of the report

of defendant's mental health evaluation and the relevant Guideline provisions. The government

has stated its acquiescence in a downward departure but one that does not result in a sentence less

than fifteen years. The Court thus complied with Rule 11(c)(5)(A) of the Federal Rules of

Criminal Procedure, but failed to advise defendant explicitly of his right to withdraw his plea as

per Rule 11(c)(5)(B). Having indicated, and ultimately imposed, a sentence more, and not less,

favorable than the fifteen years, and assuming that defendant would not elect to withdraw his

plea under the circumstances, defendant was not explicitly advised as per Rule 11(c)(5)(C).

However, defendant's counsel recorded his advice to defendant that the government waiver of an

invoking of 21 U.S.C. § 851 was tied to the fifteen year sentence and took no exception, when

asked, to the sentence imposed.

It is noted that defendant has not breached the agreement which the government notes

contains a stipulation that a sentence of not less than fifteen years is a reasonable and appropriate

disposition of the case and a provision that if the Court finds to the contrary, the agreement is

null and void. There is no citation of any obligation on the part of defendant to refrain from

seeking a further downward departure and a review of the agreement reveals none. It recites that

the attached stipulation "does not purport to set forth all of the relevant conduct and

characteristics that may be considered by the court." Plea Agreement (PA), ¶ 3.  The Plea

4

Agreement does note, however, that if the agreement is voided the defendant will not be permitted to withdraw his plea of guilty, id. at 7, contrary to Rule 11(c)(5)(B). Thus the possibility that the Court would consider matters not covered by the agreement was recognized and there is nothing precluding defendant from bringing such "conduct or characteristics" to the Court's attention. The agreement did not preclude consideration of such factors as might come to the Court's attention, by whatever route. That the Court considered defendant's mental health was not only a fulfillment of its legal obligation to do so but it was not inconsistent with the agreement and cannot be found to be a breach of the agreement by defendant. The argument that defendant breached the agreement is therefore found to be without merit.  The government's reliance on United States v. Cimino, 381 F.3d 124 (2d Cir. 2004), is misplaced for two reasons. The plea agreement in that case contained an explicit prohibition against defendant's seeking a downward departure and in breach thereof defendant sought recalculation of his offense guideline and a downward departure.  Id. at 125. Further, defendant acquiesced in the agreement's destruction.  Here defendant has, to date, accepted the benefit of the Court's rejection of the fifteen-year sentence but has not acted to violate any term of the agreement. The PA recites the requirement to consider the relevant Guidelines sections as well as 18 U.S.C. § 3553(a) and to determine a sentence based on "input from defendant." PA at 3, ¶ 1.

The fifteen-year sentence was plainly the extent of the government's willingness to depart downward from the Guideline range for defendant's properly calculated offense level. The terms of the agreement invoked by the government constitute imposition on the Court of an obligation to impose either the sentence the government determined to be reasonable or its choice of a mandatory minimum sentence specified by statute. Ordinarily, under contract principles, if

defendant was in breach, the government has the option of specific performance or rescission. Here there is no further performance required of defendant by the plain terms of the agreement unless it be a waiver of the Court's consideration of the factor as discussed above. Obviously it is neither required by the agreement nor within the power of defendant to dictate to the Court its sentencing determination of what is reasonable. The right of rescission is generally dependent on a breach by the defendant, id. at 128, and cases cited, which, as noted above, is not the case here. Notwithstanding the Court's obligation to impose a sentence considering not only the offense but also "the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1), and the agreement's recognition of the Court's obligation to consider "all of the relevant conduct and characteristics," PA ¶ 3, and the government's obligation to bring to the court's attention "any additional relevant facts", id., the government argues that it should have the right to rescind when the court fulfills its obligation.  In effect, the government claims to have successfully written into the agreement its entitlement to force the court to impose the government's choice of a reasonable sentence, failing which, its choice of a mandatory minimum sentence in the face of the court's finding that neither represents the requisite court-found reasonable sentence.  See United States v. Crosby, 397 F.3d 103, 112 (2d Cir. 2005) (referring to "the traditional authority of a sentencing judge to find all facts relevant to sentencing . . . ."). Incongruously the government would press for the right to force the Court to impose a higher, mandatory minimum sentence when, by the terms of the PS, it has agreed that a lesser sentence is reasonable.

The result is that defendant, having complied with the agreement and provided the government with the benefit of avoiding trial, is worse off when the Court, in fulfillment of its obligation, determined the reasonable disposition of the case to be a lesser sentence than the

agreed-upon fifteen years. The government, having determined that justice warranted waiving the mandatory minimums to which defendant's prior record could have exposed him, asserts the right to dictate the degree of the downward departure allowed to the Court and would hold defendant hostage for the Court's acquiescence with that limit by subjecting defendant to a higher sentence in the form of one of the mandatory minimums should the Court fail to capitulate to that limit. The result for which the government argues would penalize defendant and deny him the benefit of the agreement which he has performed, when and if the Court properly discharges its obligation to find, and consider, all the facts relevant to the sentence.  See id. at 114.

It would seem anomalous if the sentence imposed was sustained as reasonable only to have it invalidated as violative of the plea agreement. It is also anomalous for the government to argue for the right to force the Court to impose a mandatory minimum sentence of twenty years or life, either of which, in the face of its agreement that a lesser, fifteen-year sentence was reasonable, would necessarily be unreasonable. The reasonableness of a sentence will be tested for erroneous legal conclusions by the sentencing court.  Id.  Sentencing has been held not to be mandatorily subject to the Guidelines, but it would be error to fail to consider the Guidelines and 18 U.S.C. § 3553(a).  Id. at 114-115 (holding that § 3553(a) would be violated if consideration of the applicable Guideline range were limited to "facts found by the jury or admitted by the defendant, instead of considering the applicable Guideline range, as required by § 3553(a)(4), based on the facts found by the court").  If the Court failed to consider all the facts relevant to sentencing and imposed a sentence found by this Court or on appeal not to be reasonable, the sentence will be set aside and re-sentencing would be required. 18 U.S.C. § 3742(f)(2)(A).  If the sentence imposed is sustained as reasonable, as this Court has found, but the government's claim

7

of the binding quality of the fifteen-year sentence is sustained, then the government's dictation of the higher sentence—either the fifteen year sentence or a sentence pursuant one of the mandatory minimums—would prevail notwithstanding the finding that it was the lower sentence that was found to be reasonable. The result would be a sentence that would not have been found to be reasonable.  This result is contrary to the requirement that a sentence, whether a Guideline or non-Guideline sentence, be reasonable.

If the Court is bound by a sentence specified in a plea agreement, or at the government's option a mandatory minimum sentence, as opposed to determining a reasonable sentence, it would be unable to state its reasons for electing the sentence imposed. If all the evidence relevant to the sentence was considered and a lesser sentence was held to be reasonable and, necessarily, the specified sentence was found to be unreasonable and not in keeping with 18 U.S.C. § 3553(a), the Court would be unable to state reasons justifying why the specified sentence was reasonable as required to aid the Court of Appeals in its review of the sentence for reasonableness.  Id. at 116.

If the plea agreement merely described a sentence as agreeably reasonable, that sentence could be accepted or rejected as unreasonable, either as high or low, and a sentence found to be reasonable could be imposed stating the reasons. An appeal of the latter would then present the question of reasonableness considering the reasons stated, evidence suggesting otherwise and the plea agreement sentence with the parties' reasons therefore. The plea agreement could thus be enforced or not, applying the reasonableness standard. By adding the provision that permits the government to void the agreement if a sentence of less than fifteen years is imposed, thus permitting resurrection of its right to invoke 21 U.S.C. § 851, the above complications arise. The

8

agreement may specify a sentence or a sentence range but the Court is only bound thereby "once [it] accepts the plea agreement." Fed. R. Crim. P 11(c)(1)(C). As the Court has not accepted the agreement it is not so bound.  The plea agreement may not impose, nor permit the government to invoke, the limits discussed above when the Court does not accept the agreement. What the Court has done is to reject the agreement while permitting defendant to plead guilty, which he has not withdrawn, reserving the right to impose a sentence in keeping, and in compliance, with its sentencing obligations as discussed above. Defendant is thus permitted to retain the benefit of the plea agreement, having complied with it by pleading guilty and not being subject to a default in entitlement since he is not in breach. The government thus loses nothing it bargained for from defendant. It loses only its claim to setting the sentence, enforcement of which fails when the Court invokes its authority to determine the sentence. The government cannot dictate the sentence in derogation of court authority and obligation to consider and follow law mandated factors and procedures. Nor can it strip defendant of his bargain, when he has performed his obligations and subject him to an alternative, more severe penalty on the basis of court action in accordance with the law when it could not, as a matter of law, impose such a condition on the Court.

The PA having been rejected as containing a provision to which the government was not entitled and absent a withdrawal of defendant's plea, the Court imposed a sentence it "deems reasonable and appropriate."  Unlike the situation in United States v. Cunavelis, 969 F.2d 1419 (2d Cir. 1992), this Court has not modified the PA after accepting it but rather has not accepted it as noted above. While it is true that when a PA is accepted, district courts are bound to impose the sentence there provided—in Cunavelis the agreement provided for a downward adjustment of

9

4 in the offense level to which the District Court and the Court of Appeals found it was bound, having accepted the PA—that principle does not apply when a court has not accepted the PA. This Court has not accepted the PA as noted, due to defendant's mental health evaluation and report which post-dated the plea agreement.  It is interesting to note that the court in Cunavelis did not bar consideration of an upward revision of the Guidelines offense level calculation for obstruction of justice, a matter not referred to in the plea agreement while holding the agreed offense level reduction by 4 and sentencing within the corresponding Guideline range was binding.  Cunavelis, 969 F.3d at 1421-22.  A limited view of that case is confirmed by the court's reference to the legislative history of Rule 11(e)(3), in its preceding form, which indicated its intent to bind the court to a plea agreement if such agreement was accepted by the court.  Id.

The foregoing analysis reflects this Court's serious concern with the PA which, in the circumstances of this case, constitutes a substantial inroad on the Court's obligation to impose, per § 3553(a), a "significant but not greater than necessary" sentence, found in this case to be, as imposed, eleven years. Nonetheless, adherence to the sentence found to be reasonable in keeping with pertinent considerations, in the Guidelines, § 3553(a) and the evidence relevant to the sentence would, in this case, create a Hobsian choice for defendant. He must be afforded the opportunity to chose from the full range of options: i.e., (a) adherence to his plea and acceptance of the eleven-year sentence imposed by the court with a full understanding that in keeping with the law, the dismissal of Count Two must be vacated as beyond the Court's authority since the plea agreement would have to be rejected in order to impose a sentence less than fifteen years, with the probable result that the government will elect to prosecute Count Two and § 851, and, if convicted, expose him to mandatory minimum sentences of twenty years or life imprisonment;

(b) adherence to his plea and acceptance of the fifteen-year sentence agreed to in the PA, thus avoiding the risk of more severe penalties; (c) withdrawal of his plea, understanding that the government may then prosecute Counts One and Two and invoke § 851 and, if convicted, expose him to the mandatory minimum sentences of twenty years or life imprisonment. Allowing defendant to so choose will avoid his being subjected, if convicted, to a significantly more severe sentence as a result of this Court's compliance with its responsibility by imposition of the eleven-year sentence found to be reasonable, a sentence which may not be sustainable in the face of the PA and the government's election to proceed with prosecution of Count Two, invoking § 851 based on defendant's prior convictions and either of the resulting statutory mandatory minimums.

## III.  CONCLUSION

Defendant's counsel will, on of before February 20, 2006, file with this Court defendant's choice of the above alternatives.  In the interim, the Court will reserve judgment on the pending motion [Doc. No. 113].

SO ORDERED.

Dated at New Haven, Connecticut, February 3rd, 2006.

_____ /s/

Peter C. Dorsey, U.S. District Judge
United States District Court